THE UNITED STATES DISTRICT COURT FOR THE
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-00567

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) COMPLAINT FOR PERMANENT<br>) INJUNCTION AND OTHER EQUITABLE<br>) RELIEF |
| DELANE F. ALSTON, | ) |
| Defendant. | ) |

The plaintiff, United States of America, for its complaint against defendant Delane F. Alston, alleges as follows:

1. This is a civil action brought by the United States under 26 U.S.C. §§ 7402(a), 7407, and 7408 to enjoin the defendant, and anyone in active concert or participation with her, from:

   (a) Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns for any person or entity other than herself;

   (b) Understating taxpayers' liabilities as prohibited by 26 U.S.C. § 6694;

   (c) Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701; and

   (d) Engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

1

*Jurisdiction and Venue*

2. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7402, 7407 and 7408.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the actions giving rise to this suit took place in Rocky Mount and Spring Hope, North Carolina, within this judicial district.

*Defendant and Her Activities*

5. Delane Alston is a tax return preparer as defined by 26 U.S.C. § 7701(a)(36). She prepares her customers' federal tax returns for compensation.

6. Delane Alston is an experienced tax return preparer who has prepared federal tax returns since at least 2007. She conducted her tax return preparation business through P&A Tax Service, first in Rocky Mount before transferring to P&A Tax Service's Spring Hope office in 2008, where she was promoted to manager. Alston served as the manager of the Spring Hope office in 2008, 2009 and 2011.

7. Alston prepared federal tax returns with false information in order to fabricate higher tax refunds for her customers based on: 1) dependents who did not exist; 2) deductions and credits that could not be claimed; 3) bogus business income and expenses, and; 4) educational expenses that were not incurred.

8. For example, Alston prepared income tax returns for Brenda Council for 2008, 2009 and 2010, wherein Alston fabricated business expenses and the number of dependents that Council could claim. On Council's 2008 tax return, Alston falsely reported that Council owned and operated a personal care business in 2008 and that Council incurred a $23,500 net business income loss from that business. Council, however, never operated a personal care business, or any other type of business in 2008. Council never informed Alston that she had a business of her own or that she was self-employed.

9. Moreover, on Council's 2008 tax return, Alston falsely reported that Council had a brother, Oliver Alston, who was her dependent. Council does not have a dependent named Oliver Alston and Council never informed Delane Alston that she had a brother who was her dependent. Nevertheless, Alston repeated this fabricated claim on Council's 2009 and 2010 tax returns. As a result of Alston's fabricated claims, Council's returns claimed tax refunds of $6,779 (2008), $4,697 (2009), and $4,688 (2010) to which Council was not otherwise entitled to receive.

10. Alston also prepared Latoya Hunt's 2009 federal income tax return, in which she fabricated business and educational expenses. On Hunt's 2009 federal income tax return, Alston falsely reported that Hunt owned and operated a catering business in 2009 and that Hunt incurred a $7,770 net business income loss from that business. Hunt, however, never operated a catering business, or any other type of business in 2009. Hunt never informed Alston that she had a business of her own.

11. Alston also falsely reported on Hunt's 2009 federal tax return that she incurred $4,000 in educational expenses in 2009, when in fact, Hunt did not attend any college classes that year. Moreover, Hunt did not provide Alston with any information about incurring any

3

educational expenses. As a result of Alston's fraudulent return preparation, Hunt's return claimed a refund of $5,567.00, a larger refund than Hunt was entitled to receive.

12. The Internal Revenue Service has been able to identify at least 25 federal income tax returns prepared by Alston (including her own returns), wherein she falsely reported dependents, wages, business expenses or educational expenses. The IRS estimates that Alston's fraudulent return preparation resulted in over $500,000 of fraudulent refund claims.

13. On January 30, 2013, Alston pled guilty to two counts of willfully aiding and assisting the preparation of returns which were false or fraudulent as to a material matter in violation of 26 U.S.C. § 7206(2). *See United States v. Alston*, Case No. 5:13-cr-00011 (E.D.N.C.).

## Count I: Injunction under 26 U.S.C. § 7408

14. The United States incorporates by reference the allegations in paragraphs 1 through 13.

15. Section 7408 of the Internal Revenue Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under either 26 U.S.C. § 6700 or § 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.

16. Section 6701(a) of the Internal Revenue Code penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it will result in an understatement of another person's tax liability.

17. By claiming false dependents, education credits, business deductions and dependents, Alston knowingly and willfully prepared false federal income tax returns for customers that she knew would understate her customers' correct tax liabilities. This conduct, therefore, is subject to penalty under 26 U.S.C. § 6701.

18. If the Court does not enjoin Alston, she is likely to continue to engage in conduct subject to penalty under 26 U.S.C. § 6701. Injunctive relief is therefore appropriate under 26 U.S.C. § 7408.

## Count II: Injunction under 26 U.S.C. § 7407

19. The United States incorporates by reference the allegations made in paragraphs 1 through 18.

20. Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a tax return preparer from:

(a) Engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 or 6695;

(b) Misrepresenting his or her eligibility to practice before the IRS, or otherwise misrepresenting his or her experience or education as a tax return preparer;

(c) Guaranteeing the payment of any tax refund or the allowance of any tax credit, and;

(d) Engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws,

if the court finds that the preparer has engaged in such conduct and that injunctive relief is appropriate to prevent the recurrence of the conduct. If the court finds that a return preparer has continually or repeatedly engaged in such conduct, and the court also finds that a narrower

5

injunction (i.e., prohibiting only that specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of the internal revenue laws, the court may enjoin the person from further acting as a return preparer.

21. Alston has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by willfully and knowingly preparing federal tax returns for customers that improperly understate her customers' tax liabilities based on positions she knows to be false, including fictitious home purchases and businesses.

22. Alston has continually and repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the federal tax laws.

23. Alston's repeated and continual violations of 26 U.S.C. § 6694 fall within 26 U.S.C. § 7407(b)(1)(A) and (D), and thus are subject to an injunction under 26 U.S.C. § 7407.

24. If Alston is not enjoined, she is likely to continue to file false and fraudulent federal tax returns and engage in additional fraudulent conduct.

25. Alston's continual and repeated conduct subject to an injunction under 26 U.S.C. § 7407, including the flagrant misuse of fictitious businesses, dependents, and educational expenses demonstrates that a narrow injunction prohibiting only specific conduct would be insufficient to prevent her interference with the proper administration of the internal revenue laws. Thus, Alston should be permanently barred from acting as a return preparer.

Count III: Injunction under 26 U.S.C. § 7402(a)

26. The United States incorporates by reference the allegations of paragraphs 1 through 25.

27. Section 7402 of the Internal Revenue Code authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws. Alston, through the actions described above, has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

28. Unless enjoined, Alston is likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws. If Alston is not enjoined from engaging in fraudulent and deceptive conduct, the United States will suffer irreparable injury by wrongfully providing federal income tax refunds to individuals not entitled to receive them.

29. The United States will suffer irreparable injury if Alston is not enjoined, which outweighs the harm to Alston of being barred from acting as a return preparer.

30. Enjoining Alston is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Alston's illegal conduct and the harm it causes the United States.

31. The Court should impose injunctive relief under 26 U.S.C. § 7402(a).

WHEREFORE, the United States prays for the following:

A. That the Court find that Alston has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694, and has continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the administration of the tax laws, and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B. That the Court, pursuant to 26 U.S.C. § 7407, enter a permanent injunction prohibiting Alston from acting as a federal tax return preparer;

C. That the Court find that Alston has engaged in conduct subject to a penalty under 26 U.S.C. § 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent a recurrence of that conduct;

D. That the Court find that Alston has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a);

E. That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting Alston and all those in active concert or participation with her, from:

(a) Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns or other tax forms or documents for any person or entity other than herself;

(b) Understating taxpayers' liabilities as prohibited by 26 U.S.C. § 6694;

(c) Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701; and

(d) Engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

F. That the Court retain jurisdiction over Alston and over this action to enforce any permanent injunction entered against her;

G. That the United States be authorized to conduct discovery to monitor Alston's compliance with the terms of any permanent injunction entered against her; and

8

Case 5:13-cv-00567-BO   Document 1   Filed 08/08/13   Page 8 of 9

H. That the Court grant the United States such other and further relief, including costs, as is just and reasonable.

This 8th day of August 2013.

        Respectfully submitted,

        KATHRYN KENEALLY
        Assistant Attorney General, Tax Division

        s/ James C. Strong
        JAMES C. STRONG
        U.S. Department of Justice, Tax Division
        Post Office Box 7238, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-9953
        Facsimile: (202) 514-6670
        Email: james.c.strong@usdoj.gov
        Oregon Bar No. 131597

        Attorneys for the Plaintiff